JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIBEL CASILLAS HERNANDEZ,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL MOTORS LLC, *et al.*,<br><br>Defendants. | Case No. 2:25-cv-07880-FLA (MBKx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND REQUEST FOR ATTORNEY'S FEES AND COSTS [DKT. 17]** |

## **RULING**

Before the court is Plaintiff Maribel Casillas Hernandez's ("Plaintiff") Motion to Remand ("Motion") this action to the Los Angeles County Superior Court. Dkt. 17 ("Mot."). Plaintiff also requests attorney's fees and costs of $2,866.50, incurred because of Defendant General Motors LLC's ("Defendant") allegedly untimely removal. *Id.* at 17–18.[1] On November 3, 2025, the court found this matter appropriate for resolution without oral argument and vacated the November 28, 2025 hearing on the Motion. Dkt. 27; *see* Fed. R. Civ. P. 78(b); Local Rule 7-15.

For the reasons set forth herein, the court GRANTS Plaintiff's Motion and REMANDS the action to the Los Angeles County Superior Court. The court GRANTS Plaintiff's request for attorney's fees and costs and AWARDS Plaintiff $2,191.50.

## **BACKGROUND**

Plaintiff filed her First Amended Complaint ("FAC") on April 1, 2025, in the Los Angeles County Superior Court, Case No. 25STCV02895, alleging violations of the Song-Beverly Consumer Warranty Act (Cal. Civ. Code § 1793.2), the Magnuson-Moss Warranty Act (15 U.S.C. §§ 2301–2312), California's Uniform Commercial Code, and California's Consumer Legal Remedies Act (Cal. Civ. Code § 1750, *et seq.*), as well as breach of the implied warranty of merchantability (Cal. Civ. Code §§ 1791.1, 1794), relating to her purchase of a 2018 Chevrolet Trax (the "Vehicle") from Defendant. Dkt. 1-1 ("FAC")[2] ¶¶ 6–71.

Defendant answered Plaintiff's FAC on June 20, 2025. Dkt. 1-2 at 2–6; Dkt. 1 at 2. Defendant removed the action to this court on August 21, 2025, more than four months after service of the FAC, alleging it had "conducted a preliminary

[1] The court cites documents by the page numbers added by the court's CM/ECF System, rather than any page numbers included natively.

[2] Citations to the Complaint refer to pages 3 through 11 of Dkt. 1-1.

2

investigation and determined that Plaintiff's citizenship and the reasonable, non-speculative estimation of the amount in controversy placed at issue through Plaintiff's allegations plausibly give rise to subject matter jurisdiction." Dkt. 1 at 2.

Plaintiff filed the subject Motion on September 19, 2025, arguing, *inter alia*, that Defendant failed to comply with 28 U.S.C. § 1446(1)(b)(3)'s ("Section 1446") thirty-day window to remove an action to federal court, and that the FAC was sufficient for Defendant to allege satisfaction of the amount in controversy upon removal. Mot. at 11–15. Plaintiff also seeks attorney's fees and costs associated with her Motion. *Id.* at 17–18. Defendant filed an opposition ("Opposition") on October 17, 2025. Dkt. 24 ("Opp'n").

## DISCUSSION

### I.      Legal Standard

Federal courts are courts of "limited jurisdiction," possessing only "power authorized by the Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1. Federal courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006). "Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Most commonly, federal courts have subject matter jurisdiction where: (1) an action arises under federal law (federal question jurisdiction), 28 U.S.C. § 1331; or (2) the amount in controversy exceeds $75,000, exclusive of interest and costs, and the citizenship of each plaintiff is diverse from that of each defendant (diversity jurisdiction), 28 U.S.C. § 1332(a). Except as otherwise provided by an act of Congress expressly, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[] may be removed by the defendant or the defendants" to the district court for the district and division where the

3

action is pending.  28 U.S.C. § 1441.

However, pursuant to Section 1446(b)(1), a notice of removal must be filed within thirty days after a defendant receives the initial pleading or summons.  Section 1446 is strictly construed against removal.  If removability is not apparent from the initial pleading, the thirty-day removal period accrues "thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).  "If a notice of removal is filed after this thirty-day window, it is untimely and remand to state court is therefore appropriate."  *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 974 (9th Cir. 2007).

A defendant's notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).  "[W]hen the plaintiff contests, or the court questions, the defendant's allegation," "both sides [must] submit proof," at which point "the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied."  *Id.* at 88–89.  Courts "strictly construe the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  *Id*.

## II.    Analysis

Plaintiff argues remand is appropriate because Defendant failed to remove this action timely.  Mot. at 11–15.  The court agrees.  Plaintiff filed her FAC on April 1, 2025, and Defendant did not file its Notice of Removal until August 21, 2025—more than four months later and well outside Section 1446's thirty-day window for removal.  *Compare* Dkt. 1-2, *with* Dkt. 1.  Defendant argues removal was timely

4

because the FAC did not establish the $50,000 amount in controversy[3] unequivocally. Opp'n at 20–24.

Although the FAC does not contain a clearly stated amount in controversy, *see generally*, FAC, Defendant provides no explanation for why it took 142 days (from April 1, 2025—when Plaintiff filed the FAC, Dkt. 1-2—to August 21, 2025—when this action was removed, Dkt. 1) to determine the value of the vehicle (for which a VIN number is included in the FAC, FAC ¶ 6) or any potential penalties or attorney's fees and costs Defendant seeks to include in calculating the amount in controversy, *see generally*, Dkt. 1, Opp'n.[4]  Plaintiff makes precisely this argument in her Motion, and Defendant's Opposition is noticeably silent on any explanation for the delay in determining federal jurisdiction.  Mot. at 12–15; *see generally*, Opp'n.

Defendant also argues Plaintiff's citizenship could not be determined from the FAC.  Opp'n at 21–22.  The FAC, however, states Plaintiff "is, and at all times relevant herein was, a resident of Ontario, California."  FAC ¶ 2.  Defendant's reliance on Plaintiff's use of the term "resident," rather than "citizen," to claim indeterminate citizenship is unavailing.  Opp'n at 21–22.  Defendant's Notice of Removal states Defendant's "preliminary investigation also concluded that Plaintiff resided in California when she purchased the subject vehicle, and on other occasions, establishing a plausible basis for intent to remain in California thus providing a plausible basis for citizenship."  Dkt. 1 at 3.  Defendant does not explain the nature of

---

[3] *See* 15 U.S.C. § 2310(d)(3)(B), creating a private cause of action for consumers under the Magnusson-Moss Act, but permitting claims to be filed in federal courts only if the amount in controversy is at least "$50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit[.]").

[4] Defendant argues the January 1, 2025 Song-Beverly Act amendments "expanded the formula for actual damages" to include "negative equity …, manufacturer's rebate[s] …, any third party sold optional equipment …, and unpaid financing."  Opp'n at 22.  Defendant, however, fails to identify how this new formula prevented its determination of removability within thirty days of service of the FAC.  *See generally*, Opp'n.

its "investigation" or why it could not have determined any earlier that Plaintiff was a citizen of California given that "Plaintiff resided in California when she purchased the subject vehicle[.]" *Id.*

The evidence before the court creates clear "doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. Defendant had sufficient information to determine removability when it was served with the FAC on April 1, 2025. Dkt. 1-2. Defendant missed the May 1, 2025 removal deadline by 112 days. Accordingly, the court GRANTS Plaintiff's Motion and REMANDS the action to the Los Angeles County Superior Court.

**III. Attorney's Fees**

Plaintiff seeks attorney's fees under 28 U.S.C. § 1447(c) ("§ 1447(c)"). Mot. at 17–18. "Under 28 U.S.C. § 1447(c), an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *Leon v. Gordon Trucking, Inc.*, 76 F. Supp. 3d 1055, 1072 (C.D. Cal. 2014) (cleaned up) (quoting 28 U.S.C. § 1447(c)). "Absent unusual circumstances, attorney's fees should not be awarded under § 1447(c) when the removing party has an objectively reasonable basis for removal. Conversely, where no objectively reasonable basis exists, fees should be awarded." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Attorney's fees are warranted here. Defendant argues it made "at worst, a good faith interpretation" of removal precedent and should not be required to pay Plaintiff's fees. Opp'n at 27. The court disagrees. Defendant removed the action well outside the removal window without good cause, the FAC contained sufficient information, including the car's VIN, for Defendant to determine the removability of the action, and Defendant fails to provide an explanation for the delay. While not all remands should result in attorney's fees, Opp'n at 27, Defendant provides no "objectively reasonable basis for seeking removal," *Jordan*, 781 F.3d at 1184.

Plaintiff's Motion includes a declaration from her counsel, Michelle Yang

("Yang"), attesting to her hourly rate and hours preparing and drafting the Motion. Dkt. 17-1 ¶¶ 11–12. Yang spent 6.37 hours on the Motion, and requests a billing rate of $450 an hour. *Id.* However, Yang billed 1.5 hours as "[a]nticipated time to review, prepare for, and attend the hearing regarding Plaintiff's Motion." *Id.* ¶ 11. The court vacated the hearing on this matter and will not award attorney's fees for a hearing which did not take place. Dkt. 27. Accordingly, the court GRANTS Plaintiff's request for attorney's fees and costs, and AWARDS Plaintiff $2,191.50 (4.87 hours x $450) against Defendant and its counsel, jointly and severally.

## CONCLUSION

The court, having considered Plaintiff's Motion and finding good cause therefor, hereby GRANTS the Motion and ORDERS as follows:

1. The action is REMANDED to the Los Angeles County Superior Court, Case No. 25STCV02895.

2. All dates and deadlines in the action are VACATED.

3. The clerk of the court shall close the action administratively.

4. Plaintiff's request for attorney's fees and costs is GRANTED, and the court AWARDS Plaintiff $2,191.50 in attorney's fees and costs against Defendant and its counsel, jointly and severally. Defendant and its counsel are ORDERED to pay Plaintiff within fifteen (15) days of this Order.

IT IS SO ORDERED.

Dated: February 13, 2026

FERNANDO L. AENLLE-ROCHA
United States District Judge

7